

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-87,786-01 and -02

### EX PARTE DUANE DEXTER TAYLOR, Applicant

### ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS
### CAUSE NOS. 1323407B AND 1323408B IN THE 8th DISTRICT COURT
### FROM HOPKINS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). In each case, Applicant was convicted of possession of less than one gram of cocaine in a drug free zone and sentenced to five years' imprisonment. The Sixth Court of Appeals affirmed his convictions. *Taylor v. State*, Nos. 06-17-00018-CR and 06-17-00019-CR (Tex. App.—Texarkana July 21, 2017) (not designated for publication).

Applicant contends that his pleas were rendered involuntary due to the ineffective assistance of his trial counsel. Specifically, Applicant alleges trial counsel was ineffective for:

A. Failing to adequately admonish Applicant of the consequences entering pleas of guilty. In particular, Applicant alleges counsel did not admonish him of the consequences of having drug free zone findings;

B. Not considering the option of a trial and pressuring Applicant to plead guilty; and

C. Erroneously advising Applicant that, if he pled guilty, he would only receive a two year sentence in each case.

Applicant has alleged facts that, if true, might entitle him to relief. *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed. 2d 203 (1985). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of involuntary pleas due to ineffective assistance of trial counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law in regard to Applicant's claim that his pleas were involuntary due to the ineffective assistance of trial counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall

be forwarded to this Court within 120 days of the date of this order. Any extensions of time must

be requested by the trial court and shall be obtained from this Court.

Filed: January 24, 2018
Do not publish